UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

LAURA BUECHNER,

        Plaintiff,     CIVIL NO.: _____

v.

ALW SOURCING, LLC, and
RAUSCH, STURM, ISRAEL & HORNIK, S.C.,

        Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**
_____

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Laura Buechner (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant ALW Sourcing, LLC (hereinafter "Defendant ALW"), is a collection agency operating from an address of 1804 Washington Blvd., Baltimore, MD 21230 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Rausch, Sturm, Israel & Hornik, S.C. (hereinafter "Defendant Rausch") is a law firm operating from an address of 680 Southdale Office Centre, 6600 France Avenue South, Minneapolis, MN 55435 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to December 2007, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Rausch for collection.

9. During the following months, Defendant Rausch began a collection campaign that included written communications to Plaintiff.

10. Defendant Rausch filed a law suit against Plaintiff regarding the alleged debt.

11. Both parties entered into an agreement, on January 3, 2008. Defendant Rausch filed a Notice of Dismissal with Prejudice in Court. (*Exhibit A*)

12. Despite the fact that the file was closed and dismissed with prejudice by Defendant Rausch, on February 5, 2010 Defendant ALW sent a dunning

letter to Plaintiff in attempt to collect the same debt.

13. The conduct of Defendants in misrepresenting the character, amount, or legal status of the alleged debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A) and 1692f amongst others.

## Respondeat Superior Liability

14. The acts and omissions of Defendants, and/or the other debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendants.

15. The acts and omissions by Defendants and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendants and these other debt collectors were motivated to benefit their principal, Defendants.

17. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

18. The above-detailed conduct by Defendants, of misrepresenting the character, amount, or legal status of the alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

19. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions.

20. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

24. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

25. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

26. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

27. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

                            MARTINEAU, GONKO & VAVRECK, PLLC

Dated: June 30, 2010           s/ Mark L. Vavreck                        .
                                    Mark L. Vavreck, Esq.
                                    Bar Number #0318619
                                    Attorney for Plaintiff
                                    Martineau, Gonko & Vavreck, PLLC
                                    Designers Guild Building
                                    401 North Third Street, Suite 600
                                    Minneapolis, MN 55401
                                    Telephone: (612) 659-9500
                                    Facsimile: (612) 659-9220